# EXHIBIT A

**AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672
SAMUEL A. WONG, State Bar No. 217104
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251

Attorneys for Plaintiff Silverio Amezquita,
individually and on behalf of all others similarly situated

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 1 3 2018

BY_____
MARIA ROMO LOPEZ, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNADINO

SILVERIO AMEZQUITA, individually
and on behalf of all others similarly situated

Plaintiff,

vs.

TARGET CORPORATION; and DOES 1
through 20, inclusive,

Defendants.

Case No. CIVDS1808827

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Overtime Wages;

2. Failure to Provide Meal Periods;

3. Failure to Permit Rest Breaks;

4. Failure to Provide Accurate Itemized Wage Statements;

5. Failure to Pay All Wages Due Upon Separation of Employment; and

6. Violation of Business and Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT

1    Plaintiff Silverio Amezquita, individually and on behalf of others similarly situated,
2    alleges as follows:

3    ### NATURE OF ACTION AND INTRODUCTORY STATEMENT

4    1.    Plaintiff Silverio Amezquita ("Plaintiff") brings this putative class action against
5    defendant Target Corporation, and DOES 1 through 20, inclusive (collectively, "Defendants"),
6    on behalf of herself individually and a putative class of non-exempt employees employed by
7    Defendants at distribution centers throughout California.

8    2.    Defendants operate distribution centers throughout California.

9    3.    Through this action, Plaintiff alleges that Defendants have engaged in a
10   systematic pattern of wage and hour violations under the California Labor Code and Industrial
11   Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate
12   unfair competition.

13   4.    Plaintiff is informed and believes, and thereon alleges, that Defendants have
14   increased their profits by violating state wage and hour laws by, among other things:

15        (a) Failing to pay overtime wages;

16        (b) Failing to provide meal periods or compensation in lieu thereof;

17        (c) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

18        (d) Failing to provide accurate itemized wage statements; and

19        (e) Failing to pay all wages due upon separation of employment.

20   5.    Plaintiff brings this lawsuit seeking monetary relief against Defendants on
21   behalf of herself and all others similarly situated in California to recover, among other things,
22   unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant
23   to Labor Code §§ 201-203, 226, 226.7, 510, 512, 1194 and 1198.

24   ### JURISDICTION AND VENUE

25   6.    This is a class action, pursuant to California Code of Civil Procedure § 382. The
26   monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits
27   of the Superior Court and will be established according to proof at trial.

28

-1-

EXHIBIT A, Page 8

7. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8. This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9. Venue is proper in this Court because, upon information and belief, Defendants reside, transact business or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

10. Plaintiff is a citizen of California. Plaintiff was employed by Defendants during the Class Period in California.

11. Plaintiff is informed and believes, and thereon alleges, that Defendants at all times hereinafter mentioned, were and are employers as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

12. Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

13. Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

-2-

1      14.     Plaintiff is informed and believes, and thereon alleges, that each and all of the

2  acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or

3  DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on

4  the other's behalf. The acts of any and all Defendants were in accordance with, and represent,

5  the official policy of Defendants.

6      15.     At all relevant times, Defendants, and each of them, acted within the scope of

7  such agency or employment, or ratified each and every act or omission complained of herein.

8  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of

9  each and all the other Defendants in proximately causing the damages herein alleged.

10     16.     Plaintiff is informed and believes, and thereon alleges, that each of said

11  Defendants is in some manner intentionally, negligently or otherwise responsible for the acts,

12  omissions, occurrences and transactions alleged herein.

13  **CLASS ACTION ALLEGATIONS**

14     17.     Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of

15  herself and all others similarly situated who were affected by Defendants' Labor Code,

16  Business and Professions Code §§ 17200 and IWC Wage Order violations.

17     18.     All claims alleged herein arise under California law for which Plaintiff seeks

18  relief authorized by California law.

19     19.     Plaintiff's proposed Class consists of and is defined as follows:

20        Class

21        All California citizens currently or formerly employed as non-exempt employees
by Defendants at distribution centers in the State of California within four years

22        prior to the filing of this action to the date of class certification.

23     20.     Plaintiff also seeks to certify the following Subclass of employees:

24        Waiting Time Subclass
All members of the Class who separated their employment from Defendants

25        within three years prior to the filing of this action to the date of class certification.

26     21.     Members of the Class and Subclass described above will be collectively referred

27  to as "class members." Plaintiff reserves the right to establish other or additional subclasses, or

28

-3-

EXHIBIT A, Page 10

1    modify any Class or Subclass definition, as appropriate based on investigation, discovery and
2    specific theories of liability.

3        22.    This action has been brought and may properly be maintained as a class action
4    under the California Code of Civil Procedure § 382 because there are common questions of law
5    and fact as to the Class that predominate over questions affecting only individual members
6    including, but not limited to:

7            (a) Whether Defendants required Plaintiff and class members to work over 8 hours per
8                day, over 12 hours per day and/or over 40 hours per week and failed to pay them
9                proper overtime compensation;

10           (b) Whether Defendants deprived Plaintiff and class members of meal periods or
11               required Plaintiff and class members to work through meal periods;

12           (c) Whether Defendants deprived Plaintiff and class members of rest breaks or
13               required Plaintiff and class members to work through rest breaks;

14           (d) Whether Defendants failed to timely pay Plaintiff and former class members all
15               wages due upon termination or within 72 hours of resignation;

16           (e) Whether Defendants failed to furnish Plaintiff and class members with accurate,
17               itemized wage statements; and

18           (f) Whether Defendants engaged in unfair business practices in violation of Business
19               & Professions Code §§ 17200, *et seq.*

20       23.    There is a well-defined community of interest in this litigation and the Class is
21    readily ascertainable:

22               (a)    Numerosity: The members of the Class are so numerous that joinder of all
23                      members is impractical. Although the members of the Class are unknown
24                      to Plaintiff at this time, on information and belief, the Class is estimated to
25                      be greater than 100 individuals. The identity of the class members are
26                      readily ascertainable by inspection of Defendants' employment and payroll
27                      records.

28

-4-

(b)    Typicality: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)    Adequacy: Plaintiff is qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due his and the Class. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)    Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class. If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)    Public Policy Considerations: Employers in the State of California and other states violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions

-5-

1           because they believe their former employers might damage their future

2           endeavors through negative references and/or other means. Class actions

3           provide the class members who are not named in the complaint with a

4           type of anonymity that allows for the vindication of their rights at the

5           same time as affording them privacy protections.

6         **GENERAL ALLEGATIONS**

7     24. At all relevant times mentioned herein, Defendants employed Plaintiff and other

8 persons as non-exempt employees at distribution centers in California.

9     25. Plaintiff was employed in a non-exempt position at Defendants' California

10 business location(s).

11     26. Defendants continue to employ non-exempt employees at distribution centers

12 within California.

13     27. Plaintiff is informed and believes, and thereon alleges, that at all times herein

14 mentioned, Defendants were advised by skilled lawyers, employees and other professionals

15 who were knowledgeable about California's wage and hour laws, employment and personnel

16 practices and the requirements of California law.

17     28. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

18 should have known that Plaintiff and class members were entitled to receive overtime wages

19 calculated at one and one-half (1½) times the regular rate of pay. In violation of the Labor

20 Code and IWC Wage Orders, Plaintiff and class members were not paid the proper overtime

21 rate because Defendants did not include Incentives, such as shift differentials, in calculating

22 Plaintiff and class members' overtime rate.

23     29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

24 should have known that Plaintiff and class members were entitled to receive all required meal

25 periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular

26 rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the

27 Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all meal

28

**CLASS ACTION COMPLAINT**

EXHIBIT A, Page 13

1    periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular
2    rate of pay when they did not receive a timely, uninterrupted meal period.

3         30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
4    should have known that Plaintiff and class members were entitled to receive all rest breaks or
5    payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay
6    when a rest break was missed. In violation of the Labor Code and IWC Wage Orders, Plaintiff
7    and class members did not receive all rest breaks or payment of one (1) additional hour of pay
8    at Plaintiff and class members' regular rate of pay when a rest break was missed.

9         31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
10    should have known that Plaintiff and class members were entitled to receive itemized wage
11    statements that accurately showed their gross and net wages earned, total hours worked and all
12    applicable hourly rates in effect and the number of hours worked at each hourly rate in
13    accordance with California law. In violation of the Labor Code, Plaintiff and class members
14    were not provided with accurate itemized wage statements.

15         32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
16    should have known that Plaintiff and other employees were entitled to timely payment of wages
17    due upon separation of employment. In violation of the Labor Code, Plaintiff and Waiting
18    Time Subclass members did not receive payment of all wages within permissible time periods.

19         33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
20    should have known they had a duty to compensate Plaintiff and class members, and Defendants
21    had the financial ability to pay such compensation but willfully, knowingly and intentionally
22    failed to do so all in order to increase Defendants' profits.

23    

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**

24

**(Violation of Labor Code §§ 510, 1194 and 1198; Violation of IWC Wage Order § 3)**

25

26         34.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
27    though fully set forth herein.

28

-7-

35.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

36.     Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendants were required to compensate Plaintiff and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day, with double time after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

37.     Plaintiff and class members were non-exempt employees at distribution centers entitled to the protections of California Labor Code §§ 510 and 1194.

38.     During the relevant time period, Defendants failed to pay Plaintiff and class members overtime wages at the correct rate when they failed to include shift differential and other incentive pay in the overtime rate.

39.     In violation of state law, Defendants have knowingly and willfully refused to perform their obligations and compensate Plaintiff and class members for all wages earned and all hours worked, including work performed off the clock as alleged above.

40.     Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

41.     Pursuant to Labor Code § 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation as well as interest, costs and attorneys' fees.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS

**(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)**

42.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

-8-

1      43.     Labor Code § 226.7 provides that no employer shall require an employee to work

2  during any meal period mandated by the IWC Wage Orders.

3      44.     Section 11 of the applicable IWC Wage Order states, "no employer shall employ

4  any person for a work period of more than five (5) hours without a meal period of not less than

5  30 minutes, except that when a work period of not more than six (6) hours will complete the

6  day's work the meal period may be waived by mutual consent of the employer and the

7  employee."

8      45.     Labor Code § 512(a) provides that an employer may not require, cause or permit

9  an employee to work for a period of more than five (5) hours per day without providing the

10  employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

11  the total work period per day of the employee is not more than six (6) hours, the meal period

12  may be waived by mutual consent of both the employer and the employee.

13      46.     Labor Code § 512(a) also provides that an employer may not employ an

14  employee for a work period of more than ten (10) hours per day without providing the employee

15  with a second meal period of not less than thirty (30) minutes, except that if the total hours

16  worked is no more than twelve (12) hours, the second meal period may be waived by mutual

17  consent of the employer and the employee only if the first meal period was not waived.

18      47.     During the relevant time period, Plaintiff and class members did not receive

19  compliant meal periods for working more than five (5) and/or ten (10) hours per day because

20  their meal periods were short, missed, or late and/or they were not permitted to take a second

21  meal period.

22      48.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

23  an employer to pay an employee one additional hour of pay at the employee's regular rate of

24  compensation for each work day that a meal period is not provided.

25      49.     At all relevant times, Defendants failed to pay Plaintiff and class members meal

26  period premiums for missed, late, and untimely meal periods pursuant to Labor Code § 226.7(b)

27  and section 11 of the applicable IWC Wage Order.

28

-9-

EXHIBIT A, Page 16

50.     As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a meal period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

### THIRD CAUSE OF ACTION
### FAILURE TO PERMIT REST BREAKS

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

51.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

52.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

53.     Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

54.     During the relevant time period, Plaintiff and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked because they were required to work through their daily rest periods and/or were not authorized to take their rest periods at the appropriate intervals.

55.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

56.     At all relevant times, Defendants failed to pay Plaintiff and class members rest period premium for missed or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

57.     As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

-10-

CLASS ACTION COMPLAINT

EXHIBIT A, Page 17

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(Violation of Labor Code § 226)**

58.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

59.     Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

60.     During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked and all applicable hourly rates in effect and the number of hours worked at each hourly rate by Plaintiff and class members.

61.     As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a). Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time.

-11-

EXHIBIT A, Page 18

1    Plaintiff would not have had to engage in these efforts and incur these costs had Defendants

2    provided the accurate wages earned. This has also delayed Plaintiff's ability to demand and

3    recover the underpayment of wages from Defendants.

4        62.    California Labor Code § 226(a) requires an employer to pay the greater of all

5    actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred,

6    and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods,

7    plus attorney's fees and costs, to each employee who was injured by the employer's failure to

8    comply with California Labor Code § 226(a).

9        63.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff

10   and class members from knowing, understanding and disputing the wages paid to them, and

11   resulted in an unjustified economic enrichment to Defendants. As a result of Defendants'

12   knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and

13   class members have suffered an injury, and the exact amount of damages and/or penalties is all

14   in an amount to be shown according to proof at trial.

15       64.    Plaintiff and class members are also entitled to injunctive relief under California

16   Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and

17   seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

18   **FIFTH CAUSE OF ACTION**
19   **FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT AND WITHIN THE REQUIRED TIME**
20   **(Violation of Labor Code §§ 201, 202 and 203)**

21

22       65.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
     though fully set forth herein.
23

24       66.    California Labor Code §§ 201 and 202 provide that if an employer discharges an

25   employee, the wages earned and unpaid at the time of discharge are due and payable

26   immediately, and that if an employee voluntarily leaves his employment, his wages shall

     become due and payable not later than seventy-two (72) hours thereafter, unless the employee
27

28
                                             -12-

1   has given seventy-two (72) hours previous notice of his intention to quit, in which case the
2   employee is entitled to his wages at the time of quitting.

3       67.   During the relevant time period, Defendants willfully failed to pay Plaintiff and
4   Waiting Time Subclass members all their earned wages upon termination including, but not
5   limited to, proper overtime compensation, either at the time of discharge or within seventy-two
6   (72) hours of their leaving Defendants' employ.

7       68.   Defendants' failure to pay Plaintiff and Waiting Time Subclass members all
8   their earned wages at the time of discharge or within seventy-two (72) hours of their leaving
9   Defendants' employ is in violation of Labor Code §§ 201 and 202.

10      69.   California Labor Code § 203 provides that if an employer willfully fails to pay
11  wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201
12  and 202, then the wages of the employee shall continue as a penalty from the due date at the
13  same rate until paid or until an action is commenced; but the wages shall not continue for more
14  than thirty (30) days.

15      70.   Plaintiff and Waiting Time Subclass members are entitled to recover from
16  Defendants the statutory penalty which is defined as Waiting Time Subclass members regular
17  daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty
18  (30) day maximum pursuant to Labor Code § 203.

19              **SIXTH CAUSE OF ACTION**
    **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, _ET SEQ._**
20

21      71.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
22  though fully set forth herein.

23      72.   Defendants' conduct, as alleged herein, has been and continues to be unfair,
24  unlawful and harmful to Plaintiff and class members. Plaintiff seek to enforce important rights
25  affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

26      73.   Defendants' activities, as alleged herein, violate California law and constitute
27  unlawful business acts or practices in violation of California Business and Professions Code
28  §§ 17200, _et seq._

-13-

1   74.   A violation of Business and Professions Code §§ 17200, *et seq.* may be
2   predicated on the violation of any state or federal law.

3   75.   Defendants' policies and practices have violated state law in at least the
4   following respects:

5       (a)   Failing to pay all overtime wages at the correct rate to Plaintiff and class
6           members in violation of Labor Code §§ 510, 1194 and 1198;

7       (b)   Failing to provide meal periods without paying Plaintiff and class
8           members premium wages for every day said meal periods were not
9           provided in violation of Labor Code §§ 226.7 and 512;

10      (c)   Failing to authorize or permit rest breaks without paying Plaintiff and
11          class members premium wages for every day said rest breaks were not
12          authorized or permitted in violation of Labor Code § 226.7;

13      (d)   Failing to provide Plaintiff and class members with accurate itemized
14          wage statements in violation of Labor Code § 226; and

15      (e)   Failing to timely pay all earned wages to Plaintiff and Waiting Time
16          Subclass members upon separation of employment in violation of Labor
17          Code §§ 201, 202 and 203.

18  76.   Defendants intentionally avoided paying Plaintiff and class members' wages and
19  monies, thereby creating for Defendants an artificially lower cost of doing business in order to
20  undercut their competitors and establish and gain a greater foothold in the marketplace.

21  77.   Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class
22  members are entitled to restitution of the wages unlawfully withheld and retained by
23  Defendants during a period that commences four years prior to the filing of the Complaint; an
24  award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable
25  laws; and an award of costs.

26  ## PRAYER FOR RELIEF

27      Plaintiff, on his own behalf and on behalf of all others similarly situated, pray for relief
28  and judgment against Defendants, jointly and severally, as follows:

-14-

1.   For certification of this action as a class action, including certifying the Class
and Subclass alleged by Plaintiff;

2.   For appointment of Silverio Amezquita as the class representatives;

3.   For appointment of Aegis Law Firm, PC as class counsel for all purposes;

4.   For compensatory damages in an amount according to proof with interest
thereon;

5.   For economic and/or special damages in an amount according to proof with
interest thereon;

6.   For reasonable attorneys' fees, costs of suit and interest to the extent permitted
by law, including pursuant to Code of Civil Procedure § 1021.5 Labor Code §§ 226(e) and
1194;

7.   For statutory penalties to the extent permitted by law, including those pursuant
to the Labor Code and IWC Wage Orders;

8.   For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

9.   For an order requiring Defendants to restore and disgorge all funds to each
employee acquired by means of any act or practice declared by this Court to be unlawful, unfair
or fraudulent and, therefore, constituting unfair competition under Business and Professions
Code §§ 17200, *et seq.*;

10.   For an award of damages in the amount of unpaid compensation including, but
not limited to, unpaid wages, benefits and penalties, including interest thereon;

11.   For pre-judgment interest; and

12.   For such other relief as the Court deems just and proper.

Dated: April 13, 2018          **AEGIS LAW FIRM, PC**

By: _____
          Jessica L. Campbell
          Attorneys for Plaintiff

-15-

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

3

4    Dated: April 13, 2018                    **AEGIS LAW FIRM, PC**

5

6                                             By: _____

7                                                     Jessica L. Campbell
                                                      Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

CLASS ACTION COMPLAINT